UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ALLEN YOUNG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M.D. BITER, et al,<br><br>　　　　　Defendant. | 1:14-cv-01942-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 2) |

　　　　Plaintiff Howard Allen Young ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on December 5, 2014. Plaintiff also filed a motion for appointment of counsel. (ECF No. 2.)

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff seeks the appointment of counsel based on psychotropic medication that he is taking and its side effects. Plaintiff refers the Court to Exhibit E filed with his complaint. Exhibit E consists of an order granting Plaintiff's motion for appointment of counsel in the matter of Young v. Smalls, et al., Case No. 09cv2545 DMS (KSC) dated December 12, 2013. Plaintiff also includes a Statewide Psychotropic Medication Consent Form. (ECF No. 1, pp. 145-49.) The Court has reviewed the exhibits, but does not find the required exceptional circumstances. First, Plaintiff has not identified any specific medication side effects that prevent him from articulating his claims in this action. Based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Second, and unlike the matter of Young v. Smalls, et al., at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **March 4, 2015**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE