UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ALLEN YOUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>M. D. BITER, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01942-BAM (PC)<br><br>ORDER DENYING MOTION FOR EMERGENCY INJUNCTIVE RELIEF<br>(ECF No. 2) |

Plaintiff Howard Allen Young ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on December 5, 2014. Plaintiff has consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 6.) On February 17, 2015, the Court granted Plaintiff leave to proceed in forma pauperis.

In conjunction with his complaint, on December 5, 2014, Plaintiff filed a motion for emergency injunctive relief requesting that the Court order defendants to provide Plaintiff with all accommodations for the Hanukkah celebration from December 17, 2014, through December 24, 2014, including kosher food and access to the A-Yard chapel. (ECF No. 2, p. 2.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,

1

1  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of
2  equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted).
3  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at
4  22 (citation omitted).

5        In this instance, Plaintiff's request for injunctive relief is moot.  The Hanukkah celebration
6  contemplated in December 2014 by Plaintiff has now passed.

7        Additionally, "a court has no power to adjudicate a personal claim or obligation unless it has
8  jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395
9  U.S. 100, 110, 89 S.Ct. 1562 (1969); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007).  In this
10 case, the Court has not screened Plaintiff's complaint to determine whether it states a cognizable
11 claim, no defendant has been ordered served and no defendant has yet made an appearance.  At this
12 juncture, the Court lacks personal jurisdiction over the defendants and it cannot issue an order
13 requiring them to take any action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138-39.
14 Plaintiff will screen Plaintiff's complaint in due course.

15       For these reasons, Plaintiff's motion for emergency injunctive relief, filed on December 5,
16 2014, is HEREBY DENIED.

17
18 IT IS SO ORDERED.

19    Dated:   **March 4, 2015**                    /s/ *Barbara A. McAuliffe*
20                                        UNITED STATES MAGISTRATE JUDGE