UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ALLEN YOUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>M. D. BITER, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01942-BAM (PC)<br><br>ORDER DENYING MOTION FOR EMERGENCY/URGENT INJUNCTIVE RELIEF<br>(ECF No. 17) |

    Plaintiff Howard Allen Young ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on December 5, 2014. Plaintiff has consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 6.) On February 17, 2015, the Court granted Plaintiff leave to proceed in forma pauperis.

    On March 25, 2015, Plaintiff filed the instant motion seeking an emergency order directing Defendants to provide a Passover event in April 2015. Plaintiff asserts that a Passover event was approved for April 2014, but the event was never provided. Plaintiff indicates that he provided Defendants C. Wegman and Maurice Howard with copies of the Passover 2015 Event Package. Plaintiff requests that the Court issue an order providing that the Passover 2015 Event Package be granted. (ECF No. 17.)

1

1    "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v.
2    Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted).
3    "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,
4    that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of
5    equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted).
6    An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at
7    22 (citation omitted).

8    In this instance, Plaintiff has not demonstrated that he is likely to succeed on the merits. A
9    preliminary review of Plaintiff's complaint, which has not been fully screened, indicates that it does
10   not comply with the pleading requirements of Federal Rule of Civil Procedure 8 and includes multiple
11   claims in violation of the joinder rules of Federal Rule of Civil Procedure 18. Additionally, Plaintiff's
12   complaint does not relate to the 2015 Passover Event, but rather includes allegations concerning the
13   denial of Kosher meals and denial of inmate minister status. Further, Plaintiff's moving papers
14   contain no argument or demonstration that he is likely to succeed on the merits of his claims.

15   Plaintiff also cannot demonstrate that he is likely to suffer irreparable harm in the absence of
16   preliminary relief. Plaintiff admits that the 2014 Passover Event Package was approved. There is no
17   indication that the 2015 Passover Event Package will not be approved.

18   Additionally, "a court has no power to adjudicate a personal claim or obligation unless it has
19   jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395
20   U.S. 100, 110, 89 S.Ct. 1562 (1969); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). As
21   noted above, the Court has not screened Plaintiff's complaint to determine whether it states a
22   cognizable claim. Moreover, no defendant has been ordered served and no defendant has yet made an
23   appearance. At this juncture, the Court lacks personal jurisdiction over the defendants and it cannot
24   issue an order requiring them to take any action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d
25   at 1138-39. The Court will screen Plaintiff's complaint in due course.
26   ///
27   ///
28

1      For these reasons, Plaintiff's motion for emergency injunctive relief, filed on March 25, 2015,
2 is HEREBY DENIED.
3 IT IS SO ORDERED.

4    Dated:   **April 1, 2015**           /s/ *Barbara A. McAuliffe*
5                                           UNITED STATES MAGISTRATE JUDGE