UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ALLEN YOUNG,<br><br>        Plaintiff,<br><br>    v.<br><br>M. D. BITER, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-01942-BAM (PC)<br><br>ORDER DENYING MOTION FOR INJUNCTIVE RELIEF (EX PARTE)<br><br>(ECF No. 7) |

      Plaintiff Howard Allen Young ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on December 5, 2014. Plaintiff has consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 6.) On February 17, 2015, the Court granted Plaintiff leave to proceed in forma pauperis.

      On January 5, 2015, Plaintiff filed a motion for injunctive relief seeking an order for Passover accommodations for Messianic Jewish participants on A-Yard at Kern Valley State Prison for April 3-April 11, 2015. (ECF No. 7.) Plaintiff asserts that a Passover event was approved for April 2014, but the event was never provided.

      On March 25, 2015, Plaintiff filed a motion for emergency/urgent injunctive relief seeking an order for a Passover event on April 22 or April 29, 2015. Plaintiff provided Defendants C. Wegman

1

1  and Maurice Howard with copies of the Passover 2015 Event Package.  Plaintiff requested that the
2  Court issue an order providing that the Passover 2015 Event Package be granted.  (ECF No. 17.)
3        On April 1, 2015, the Court denied Plaintiff's March 25, 2015 request for emergency/urgent
4  injunctive relief.  (ECF No. 18.)
5        For the same reasons, Plaintiff's motion for injunctive relief, filed on January 5, 2015, shall be
6  denied.  "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v.
7  Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted).
8  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,
9  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of
10 equities tips in his favor, and that an injunction is in the public interest."  Id. at 20 (citations omitted).
11 An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at
12 22 (citation omitted).
13       In this instance, Plaintiff has not demonstrated that he is likely to succeed on the merits.  A
14 preliminary review of Plaintiff's complaint, which has not been fully screened, indicates that it does
15 not comply with the pleading requirements of Federal Rule of Civil Procedure 8 and includes multiple
16 claims in violation of the joinder rules of Federal Rule of Civil Procedure 18.  Additionally, Plaintiff's
17 complaint relates to past events, not the 2015 Passover Event.  Further, Plaintiff's moving papers
18 contain no argument or demonstration that he is likely to succeed on the merits of his claims.
19       Plaintiff also cannot demonstrate that he is likely to suffer irreparable harm in the absence of
20 preliminary relief.  Plaintiff admits that the 2014 Passover Event Package was approved.  There is no
21 indication that his 2015 Passover Event Package for April 3-April 11, 2015 would not be approved.
22 Moreover, a portion of Plaintiff's request for Passover events between April 3 and April 6 is now
23 moot.
24       Additionally, "a court has no power to adjudicate a personal claim or obligation unless it has
25 jurisdiction over the person of the defendant."  Zeneth Radio Corp. v. Hazeltine Research, Inc., 395
26 U.S. 100, 110, 89 S.Ct. 1562 (1969); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007).  As
27 noted above, the Court has not screened Plaintiff's complaint to determine whether it states a
28 cognizable claim.  Moreover, no defendant has been ordered served and no defendant has yet made an

appearance.  At this juncture, the Court lacks personal jurisdiction over the defendants and it cannot issue an order requiring them to take any action.  <u>Zenith Radio Corp.</u>, 395 U.S. at 110; <u>Ross</u>, 504 F.3d at 1138-39.  The Court will screen Plaintiff's complaint in due course.

For these reasons, Plaintiff's motion for injunctive relief, filed on January 5, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **April 6, 2015**                         /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE

3