UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ALLEN YOUNG,<br><br>    Plaintiff,<br><br>  v.<br><br>M. D. BITER, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01942-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 25)<br><br>THIRTY-DAY DEADLINE |

    Plaintiff Howard Allen Young ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Court previously dismissed Plaintiff's complaint with leave to amend. (ECF No. 20.) The Court also previously denied Plaintiff an extension of time to file an amended complaint. (ECF No. 24.)

    Currently before the Court is Plaintiff's motion to reconsider its order dismissing his complaint with leave to amend, and to grant him an extension of time to file an amended complaint. (ECF No. 25.) Plaintiff states that he sufficiently stated enough in his original complaint for the action to proceed, and that the Court should have reviewed his more than 200 pages of attached exhibits to better understand his claims. He cites no authority or support for his arguments and does not further explain his position.

    "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there

1

is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff has made no showing that the Court committed any error in evaluating his complaint. Nor will the Court review the more than 200 pages of his attached exhibits to attempt to find a stated constitutional claim. Instead, Plaintiff shall be permitted an opportunity to briefly and clearly state the facts giving rise to his claims for relief against the named defendants in an amended complaint. If Plaintiff believes that any attachments will help the Court understand his claims, he should explain why and identify with specificity which attachments they are in his amended complaint, and cite to specific pages.

Plaintiff also provides no reasons or good cause for his request for another extension of time to file his amended complaint. Any request for such an extension must be supported by good cause. Fed. R. Civ. P. 16(b)(4). Although Plaintiff will be provided some additional time to comply with the Court's order here, any further lack of diligence and delay in compliance, absent a showing of good cause, will result in his action being dismissed.

For these reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration filed on July 23, 2015, is DENIED;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file and serve an amended complaint; and

3. **If Plaintiff fails to comply with this order, the Court will dismiss this action with prejudice for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **December 23, 2015**          /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE

2