1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ALLEN YOUNG, | ) 1:14-cv-01942-BAM (PC) |
| Plaintiff, | ) ORDER DISMISSING SECOND AMENDED |
| | ) COMPLAINT WITH LEAVE TO AMEND |
| v. | ) (ECF No. 30) |
| | ) |
| M. D. BITER, et al., | ) THIRTY-DAY DEADLINE |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## I.      Screening Requirement and Standard

Plaintiff Howard Allen Young ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983  and 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)).  Plaintiff filed this action on December 5, 2014.  Plaintiff filed a consent to Magistrate Judge jurisdiction on January 5, 2015.  The Court screened the complaint on June 8, 2015 and denied a motion for reconsideration on December 23, 2015.  Plaintiff filed a first amended complaint on February 5, 2016 and without leave of Court, filed a Second Amended Complaint ("SAC") on May 27, 2016.[1] The Second Amended Complaint is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

---

[1]  A subsequent complaint supercedes prior allegations.  Therefore, the Court proceeds to screen the Second Amended Complaint.

1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison, where the events in the complaint are alleged to have occurred.

The allegations in the SAC are wholly unrelated to the original complaint's allegations. In the SAC, plaintiff names the following defendants; (1) Lt. Guierrez, (2) Karlow, Law Librarian, (3) Lt. K. Doran, (4) C. Wegman, Community Resource Manager, (5) S. Tallerico, Appeals Coordinator, (6) Sgt. Melvin.[2]  In the SAC, Plaintiff alleges that he has been denied law

---

[2]   In the original complaint, Plaintiff named as defendants: (1) Warden M. D. Biter; (2) Appeals Coordinator S. Tallerico; (3) Community Resource Manager Cherylee Wegman; (4) Jewish Chaplain Paul Shleffar; (5) CDCR A

library access, wrongly unassigned from a chapel position, denied guitars for use by the Messianic Jewish services and provided non-kosher meals, denied access to court by screening out his 602s, took his tennis shoes, denied yard time and family visitation.

### III.   Deficiencies of the Complaint

In the order screening the original complaint (ECF. No. 20), Plaintiff was warned that his allegations must meet the requirement of Rules 8 and 18 and upon amendment, he may not add or change the allegations.  The allegations in the SAC are entirely different, and where related, are more conclusory, than the allegations in the original complaint screened by this Court.  In granting leave to amend, this Court warned Plaintiff that he "may not change the nature of this suit by adding new, unrelated claims in his first amended complaint." In the SAC, Plaintiff's complaint again fails to comply with Federal Rules of Civil Procedure 8 and 18, and fails to state a cognizable claim.  As Plaintiff is proceeding pro se, he will be given a final opportunity to amend his complaint.  To assist him, Plaintiff is provided with the pleading and legal standards that appear applicable to his claims.  Plaintiff should amend only those claims that he believes, in good faith, are cognizable.

### A.  Pleading Requirements

#### 1.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. <u>Id</u>; <u>see also</u> <u>Twombly</u>, 550 U.S. at 556–557; <u>Moss</u>, 572 F.3d at 969.

---

Yard Chaplain (Islamic) Maurice Howard; (6) Former Inmate Assignment Staff K. Doran; and (7) the California Department of Corrections and Rehabilitation ("CDCR").

While Plaintiff's complaint is a short statement of his claims, Plaintiff's allegations are conclusory statements. Plaintiff fails to describe specific actions taken by the Defendants named in his complaint which violated his constitutional rights. The complaint lumps Defendants together and fails to distinguish adequately claims and alleged wrongs among Defendants. A plaintiff suing multiple defendants must allege the basis of his claim against each defendant to satisfy Rule 8(a)(2). Plaintiff may not simply complain about every incident or issue that he has with prison officials in a single filing. If Plaintiff chooses to amend his complaint, he should briefly and clearly state the facts giving rise to his claims for relief against the named defendants. Further, Plaintiff was cautioned in the prior screening order that the complaint must be complete in and of itself, and the Court will not review prior complaints for factual allegations to support a claim.

### 2.   Federal Rule of Civil Procedure 18

Federal Rule of Civil Procedure 18 states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Here, Plaintiff has changed the named defendants from the originally screened complaint and Plaintiff attempts to bring suit against multiple defendants for different incidents at different times. For example, Plaintiff complains about the denial of law library access while simultaneously complaining, in a conclusory fashion, about the denial of Kosher meals. As Plaintiff has already been warned, Plaintiff may not pursue unrelated claims against different

defendants in a single action.  If Plaintiff chooses to file an amended complaint and it fails to comply with Rule 18(a), all unrelated claims will be subject to dismissal.

### 3.  Supervisory Liability

Insofar as Plaintiff attempts to impose liability against any defendants based solely on their roles as supervisors, he may not do so.  Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. Cal. Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa Cnty., 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted).

### B.  Legal Standards

### 1.  Free Exercise Clause of the First Amendment

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884–85 (9th Cir. 2008).

Plaintiff complains about his ability to practice his religion and denial of a kosher diet. Given Plaintiff's lack of dates and other factual contentions, the Court cannot adequately

determine whether his constitutional rights have been violated.  Plaintiff will be given leave to cure these deficiencies.

### 2.  Religious Land Use and Institutionalized Persons Act ("RLUIPA")

A claim under RLUIPA may proceed only for injunctive relief against defendants acting within their official capacities. Wood, 753 F.3d at 904 (RLUIPA does not contemplate liability of government employees in individual capacity); Alvarez v. Hill, 667 F.3d 1061, 1063 (9th Cir. 2012) (money damages not available for RLUIPA claim against defendants sued in their official capacity); Graddy v. Ding, 2014 WL 6634580, *3 (E.D. Cal. Nov. 21, 2014).

To state a claim for violation of RLUIPA, Plaintiff must allege facts plausibly showing that the challenged policy and the practices it engenders impose a substantial burden on the exercise of his religious beliefs; Plaintiff bears the initial burden of persuasion on this issue. Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1124–25 (9th Cir. 2013) (quotation marks omitted).

"Courts are expected to apply RLUIPA's standard with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Id. (citing Cutter v. Wilkinson, 544 U.S. 709, 723, 125 S.Ct. 2325, 161 L.Ed.2d 1020 (2005)) (internal quotation marks omitted).

As with his First Amendment claim, Plaintiff's allegations are not sufficiently clear to determine whether or not Plaintiff has stated a claim for violation of RLUIPA.

### 3.  Appeals Processing

Plaintiff cannot pursue any claims against staff relating to processing and review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely

on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, <u>Ramirez</u>, 334 F.3d at 860; <u>Mann</u>, 855 F.2d at 640.

### 4. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); <u>see also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567–68 (9th Cir. 2005); <u>accord</u> <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff alleges that he was wrongfully unassigned from the Chapel Clerk position without Due Process.  Plaintiff does not have a constitutional right to any particular job in the prison. At best, Plaintiff's allegations are conclusory.  Further, he has not alleged that Defendants' actions did not advance a legitimate correctional goal.

### 5. Eighth Amendment-Conditions of Confinement

Plaintiff appears to allege that lockdowns violated his rights under the Eighth Amendment.  Although unclear, it appears that Plaintiff is complaining about the denial of yard time. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. <u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm

to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The circumstances, nature, and duration of the deprivations are relevant in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Here, Plaintiff has not alleged sufficient facts to demonstrate that the conditions he is complaining of are grave enough to form the basis of an Eighth Amendment claim.  Plaintiff does not include facts regarding the circumstances, nature or duration of any claimed violation.

### 6.  Visitation

Inmates do not have a clearly established constitutional right to receive visits, or in particular contact visits. Dunn v. Castro, 621 F.3d 1196, 1202 (9th Cir.2010); Toussaint v. McCarthy, 801 F.2d 1080, 1114 (9th Cir.1986) ("To the extent that denial of contact visitation is restrictive and even harsh, it is part of the penalty that criminals pay for their offenses against society"). The Supreme Court has upheld a variety of restrictions on visitation (including denials of contact visitation, as well as limitations on the people allowed to visit an inmate) against First, Eighth, and Fourteenth Amendment challenges. Overton v. Bazzetta, 539 U.S. 126, 133, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003).

### 7.  Property

Plaintiff alleges his tennis shoes were taken.  A prisoner does have a protected property interest in his personal belongings such that he may be able to challenge their confiscation on due process grounds. Hudson v. Palmer, 468 U.S. 517, 532, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). However, only authorized, intentional deprivations of property implicate constitutional concerns. Hudson, 468 U.S. at 532. Thus, to the extent an inmate challenges a confiscation carried out pursuant to "established state procedure, rather than random and unauthorized action," he or she is entitled to predeprivation process. Hudson, 468 U.S. at 532 (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–436, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)).  However, an "unauthorized, intentional deprivation of property by a governmental employee" does not violate

procedural due process "if a meaningful post-deprivation remedy for the loss is available."
Hudson, 468 U.S. at 533; Barnett v. Centoni, 31 F.3d 813, 816–817 (9th Cir.1994). The Ninth
Circuit has found that California's post-deprivation remedy is adequate. Blueford v. Prunty, 108
F.3d 251, 256 (9th Cir.1997); Barnett, 31 F.3d at 816–817.

### C. Conclusion and Order

Plaintiff's SAC fails to comply with Federal Rules of Civil Procedure 8 and 18, and fails
to state a cognizable claim upon which relief may be granted under section 1983.  Despite being
provided guidance by the Court Plaintiff's SAC is more conclusory, with unrelated claims, than
alleged in the original complaint. The Court will provide Plaintiff with **a final opportunity** to
amend his complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130
(9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal
rights.  Iqbal, 556 U.S. at 676.  Plaintiff also must set forth "sufficient factual matter . . . to 'state
a claim that is plausible on its face.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no
"buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.
Lacey, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself
without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's second amended complaint is dismissed for failure to comply with
Federal Rules of Civil Procedure 8 and 18 and for failure state a claim.

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file a
third amended complaint; and

1    4.    **If Plaintiff fails to comply with this order, the Court will dismiss this action**

2    **for failure to obey a court order and for failure to state a claim.**

3

4    IT IS SO ORDERED.

5    Dated:    __December 9, 2016__          _____/s/ *Barbara A. McAuliffe*_____

6                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28