# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ALLEN YOUNG,<br><br>   Plaintiff,<br><br> v.<br><br>M. D. BITER, et al.,<br><br>   Defendants. | 1:14-cv-01942-BAM (PC)<br><br>ORDER DISMSSING ACTION FOR<br>FAILURE TO STATE A CLAIM |

## I. Screening Requirement and Standard

Plaintiff Howard Allen Young ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 6). On December 9, 2016, the Court dismissed Plaintiff's second amended complaint with leave to amend. (ECF No. 31). Plaintiff's third amended complaint, filed on February 13, 2017, is currently before the Court for screening. (ECF No. 33).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Lieutenant Gutierrez; (2) Sergeant Melvin; and (3) Captain Henderson.

In Claim 1, Plaintiff alleges as follows:

> Plaintiff was wrongfully denied yard/exercise for (90) ninety days by Lt Gutierrez. [¶] Plaintiff was wrongfully denied personal property including tennis shoes for (90) ninety days, which Plaintiff required for foot problem (medical), which were subsequently never returned to Plaintiff, causing Plaintiff medical problems, based on instructions by Capt Henderson and Lt. [Gutierrez].

(ECF No. 33, p. 3)

In Claim 2, Plaintiff alleges:

> SGT Melvin wrongfully denied Petitioner visitation from out-of-state family members then threatened Petitioner with RVR rules violation for manipulating staff for Petitioner seeking compensation for monies spent by family members to travel to California and other incurred charges, without being able to visit Petitioner.

(Id. at p. 4).

As relief, Plaintiff seeks actual, compensatory and punitive damages.

### III. Discussion

As with his second amended complaint, Plaintiff has changed the named defendants and claims from the originally screened complaint.[1] In granting leave to amend, this Court warned Plaintiff that he "may not change the nature of this suit by adding new, unrelated claims." (ECF No. 31, p. 9). Despite this warning, Plaintiff has failed to cure the identified deficiency. Notwithstanding, the Court will screen the allegations in Plaintiff's third amended complaint to determine if he states a claim upon which relief may be granted.

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

While Plaintiff's third amended complaint is a short statement of his claims, Plaintiff's allegations are conclusory statements. Plaintiff fails to describe specific actions taken by the Defendants named in his complaint which violated his constitutional rights. Further, Plaintiff may not simply complain about every incident or issue that he has with prison officials in a single filing. Despite multiple opportunities, Plaintiff has been unable to cure these deficiencies.

///

---

[1] In his original complaint, Plaintiff filed suit against Warden Biter, S. Tallerico, Cherylee Wegman, Paul Shleffar, Maurice Howard, K. Doran and the California Department of Corrections and Rehabilitation. (ECF No. 1, pp. 2-3). Plaintiff alleged that he had been denied inmate minister status, removed from his chapel position, denied single cell status and transfer, denied restoration of credits, denied Kosher meals, denied access to the court by screening out his 602s, denied medical and dental care, denied a parole hearing and denied yard/outside time. (ECF No. 1).

## B. Federal Rule of Civil Procedure 18

Federal Rule of Civil Procedure 18 states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Here, Plaintiff again attempts to bring suit against multiple defendants for different incidents at different times. For example, Plaintiff complains about denial of yard/exercise while simultaneously complaining, in a conclusory fashion, about the denial of visitation. Despite previous warnings, Plaintiff has failed to cure this deficiency.

## C. Supervisory Liability

Insofar as Plaintiff attempts to impose liability against any defendants based solely on their roles as supervisors, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. Cal. Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa Cnty., 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional

violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted).

### D. Eighth Amendment-Conditions of Confinement

Plaintiff is complaining about the denial of yard/exercise time. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Exercise is one of the basic human necessities protected by the Eighth Amendment, and the denial of outdoor exercise may violate the Constitution, depending on the circumstances. Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010); Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010). However, a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation. Norwood, 591 F.3d at 1070.

Here, Plaintiff has not alleged sufficient facts to demonstrate that the conditions he is complaining of are grave enough to form the basis of an Eighth Amendment claim. Plaintiff does not include facts regarding the circumstances of any claimed violation related to the denial of yard/exercise time, nor has Plaintiff demonstrated any adverse medical impact. Id. ("Although exercise is 'one of the basic human necessities protected by the Eighth Amendment … a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation."). Plaintiff has been unable to cure deficiencies in his claim regarding yard/exercise time.

///

**E. Visitation**

Inmates do not have a clearly established constitutional right to receive family visits. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 461 (1989) ( "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' ... and therefore is not independently protected by the Due Process Clause."); Block v. Rutherford, 468 U.S. 576, 589 (1984); Dunn v. Castro, 621 F.3d 1196, 1201 (9th Cir.2010); Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) (en banc) ("it is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits.")

Here, Plaintiff's generalized allegations regarding the denial of family visitors, presumably on a single occasion, are not sufficient to support a cognizable claim.

**F. Property**

Plaintiff alleges his tennis shoes were taken. A prisoner does have a protected property interest in his personal belongings such that he may be able to challenge their confiscation on due process grounds. Hudson v. Palmer, 468 U.S. 517, 532 (1984); Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, only authorized, intentional deprivations of property implicate constitutional concerns. Hudson, 468 U.S. at 532. Thus, to the extent an inmate challenges a confiscation carried out pursuant to "established state procedure, rather than random and unauthorized action," he or she is entitled to predeprivation process. Hudson, 468 U.S. at 532 (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–436 (1982)). In constrast, an "unauthorized, intentional deprivation of property by a governmental employee" does not violate procedural due process "if a meaningful post-deprivation remedy for the loss is available." Hudson, 468 U.S. at 533; Barnett v. Centoni, 31 F.3d 813, 816–817 (9th Cir.1994). The Ninth Circuit has found that California's post-deprivation remedy is adequate. Blueford v. Prunty, 108 F.3d 251, 256 (9th Cir.1997); Barnett, 31 F.3d at 816–817.

Here, Plaintiff's allegations concern an unauthorized deprivation of property, and he cannot state a viable due process claim.

///

///

**IV. Conclusion and Order**

Plaintiff's third amended complaint fails to comply with Federal Rules of Civil Procedure 8 and 18, and fails to state a cognizable claim upon which relief may be granted under section 1983. Despite being provided repeated guidance by the Court, Plaintiff has been unable to cure the deficiencies in his complaint, and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

For the reasons stated, Plaintiff's complaint is HEREBY DISMISSED for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated: **April 21, 2017**　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE