# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ALLEN YOUNG,<br><br>    Plaintiff,<br><br>v.<br><br>M. D. BITER, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01942-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND CLARIFICATION<br><br>(ECF No. 37) |

Plaintiff Howard Allen Young ("Plaintiff"), a state prisoner proceeding pro se, filed this civil action on December 5, 2014. (ECF No. 1.) Plaintiff consented to magistrate judge jurisdiction. (ECF No. 6.)

On April 24, 2017, the Court dismissed plaintiff's third amended complaint for failure to state a claim. Judgment was entered accordingly and the action was closed. (ECF Nos. 35, 36.)

On May 5, 2017, Plaintiff filed the instant "motion for reconsideration and clarification." (ECF No. 37.) Plaintiff attempts to clarify the claims in his complaint, alleging three claims as follows:

    (Claim 1) Plaintiff alleges that CDCR staff John Does 1–3, Lt. Guitierrez and Capt. Henderson wrongfully confiscated Plaintiff's tennis shoes that Plaintiff medically required based on foot problems that Plaintiff has been diagnosed as having, which caused Plaintiff pain and suffering in violation of the Eighth Amendment. Plaintiff's tennis shoes were never returned, lost and/or misplaced.

///

1

(Claim 2) Plaintiff alleges that Dr. Patel subsequently prescribed a substitute pair of tennis shoes that hurt Plaintiff's feet due to their not being the right medical prescription causing Plaintiff additional pain and suffering in violation of the Eighth Amendment. (Inadequate Medical Care)

(Claim 3) Plaintiff alleges that Lt. Gutierrez and Capt. Henderson wrongfully denied Plaintiff yard exercise time for (90) ninety days.

(ECF No. 37, pp. 1–2.) Plaintiff requests reconsideration of the Court's order dismissing this action for failure to state a claim, and further requests that the Court allow him to amend the complaint and proceed with the three alleged claims. (Id., p. 2.) The Court construes Plaintiff's motion as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458–59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28) days after entry of the judgment. See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

It is clear from Plaintiff's motion that he is seeking another opportunity to amend his complaint, rather than reconsideration of the Court's order. Despite being provided guidance by the Court, Plaintiff has failed to state a cognizable claim in his original complaint or the three amended complaints that followed.

The Court finds no grounds to reconsider its final order and judgment dismissing this action for failure to state a claim. Plaintiff's motion merely restates three of the claims alleged in his third amended complaint. (ECF No. 37.) Plaintiff identifies no legal authority in support of

the motion, and introduces no new evidence or allegations that would cure the deficiencies identified by the Court's April 24, 2017 screening order. The allegations in Plaintiff's motion for reconsideration, even if considered and construed in the light most favorable to Plaintiff, do not support reconsideration of the Court's dismissal of this action.

    For these reasons, it is HEREBY ORDERED that Plaintiff's motion to alter or amend the judgment, filed May 3, 2017 (ECF No. 37), is DENIED.

IT IS SO ORDERED.

Dated: **May 12, 2017**           /s/ *Barbara A. McAuliffe*  
                                                        UNITED STATES MAGISTRATE JUDGE